UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,                    Civil Action No.
                                          99-cr-50063-1

v.

                                          HON. MARK A. GOLDSMITH

NATHANIEL JAUBAR SPEARMAN,

       Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION AND/OR SUPERVISED RELEASE (DKT. 108)**

      After a series of sentence reductions, Defendant Nathaniel Jaubar Spearman was released from imprisonment in December 2011. See Mot. at 1 (Dkt. 108). However, Defendant is still subject to the supervised release term imposed as part of his sentence: (A) five years for count one; (B) two years for counts two, three, five, and seven; and (C) four years for count six, all to be served concurrently. In August 2013, Defendant filed a motion for early termination of his supervised release (Dkt. 108). The Government filed a response in January 2014, opposing the request as premature (Dkt. 111).

      A court may terminate a term of supervised release after a defendant has been on supervised release for one year or more. See 18 U.S.C. § 3583(e)(1). In considering whether early termination is appropriate, the statute instructs the court to consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), as well as the conduct of the defendant and the interest of justice. Id.

      The Court has reviewed Defendant's motion, the Government's response, and the relevant

statutory factors. Although Defendant has made significant progress during his time on supervised release thus far, the Court concludes that termination of supervised release is not yet appropriate. While Defendant appears to have found and maintained employment, completed rehabilitative programs, is pursuing further education, and has served as a presenter within his community, see Mot. at 1-2, the Court also notes that Defendant still has a significant term of supervised release remaining, has indicated the possibility of making a major life change by relocating from Atlanta, Georgia to Flint, and failed one drug test in September 2012 — approximately nine months after his release from prison. See Gov't Resp. at 1. Therefore, the Court agrees with the Government that, after considering the relevant factors, "additional supervision would ensure that [Defendant] continues his successful transition and continues to refrain from criminal activity." Id. at 2. Accordingly, the Court denies Defendant's motion (Dkt. 108) without prejudice. Defendant may request early termination again in the future, as appropriate.

SO ORDERED.

Dated: February 4, 2014  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager